IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:16-cv-356-GCM

| | |
|---|---|
| BETH MONTGOMERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAM'S WEST, INC. d/b/a ) <br> SAM'S CLUB, ) <br> ) <br> Defendant . ) | **CONSENT PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and between the respective parties hereto and their counsel, that for any documents relating in any way to the claims in this matter which are produced in response to discovery or otherwise shall be designated confidential by all parties and the discovery and inspection of such documents shall be conducted pursuant to the following terms, restrictions, and conditions:

1) That all such documents produced and designated confidential shall be so deemed "confidential" by the producing party;

2) No such produced documents designated as confidential shall be used for any purpose other than as necessary to the litigation of this case and for no other use or purpose;

3) Disclosure of such confidential documents shall be limited to the parties, their counsel and staff of record and experts for this litigation only. If documents are intended to be provided to persons not listed herein, prior written consent from the producing party's counsel is required. Email consent is sufficient for this purpose.

4) That before any of the documents designated as confidential are disclosed to any such persons for purposes of this litigation, counsel of record shall insure that he or she has received a copy of this order, has read and understands its contents, and agrees to be bound by its terms and conditions.

5) If any such confidential documents are used in connection with a deposition or other discovery or hearing or trial before the court, the deposition transcript, filing or paper shall be appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this protective order. If this protocol is inadvertently overlooked the terms and conditions of this order nevertheless apply.

6) Any dispute over confidentiality shall be submitted to the Court for resolution; provided,

however, that all terms of this order shall remain in effect until such resolution with respect to such dispute.

7) This consent protective order will also apply to testimony taken during depositions including any corporate 30(b)(6) deposition which may transpire during the pendency of this case.

8) Within 15 days of the entry of final judgment or dismissal of this litigation, including appeals and petitions for review, counsel and any other persons given access to such documents shall, within 60 days after request, return all confidential documents, including xeroxed copies of the same to the party who produced the documents with a written certification by the person that all such documents and copies of same have been, in fact, returned. Certification of destruction of the documents by the retaining party may also suffice with prior permission.

9) No term of this Protective Order will be the basis for the admission or exclusion of any evidence at trial otherwise admissible.

THE ULTIMATE DISPOSITION OF PROTECTED MATERIALS IS SUBJECT TO A FINAL ORDER OF THE COURT ON THE COMPLETION OF LITIGATION.

IT IS THEREFORE, ORDERED that this Protective Order, with the consent of the parties, is hereby entered.

This the 21st day of November, 2016.

Signed: November 21, 2016

Graham C. Mullen
United States District Judge

**JAMES, MCELROY & DIEHL, P.A.**   **BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

| By: | */s/ Jennifer M. Houti* | By: | /s/ Michael W. Washburn |
|---|---|---|---|

Jennifer M. Houti  NC State Bar No. 45442  600 South College Street  Charlotte, NC 28202  Telephone: (704) 372 9870  Email: Jhouti@jmdlaw.com  *Attorney for Plaintiff*

Michael W. Washburn  NC State Bar No. 20202  P. O. Box 1729  Raleigh, NC 27602-1729  Telephone: (919) 890-4480  Email: mwashburn@bcvtlaw.com  *Attorney for Defendant*