IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00356-GCM

| | |
|---|---|
| BETH MONTGOMERY, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| SAM'S WEST, INC., | ) |
| **Defendants.** | ) |

This matter comes before the Court upon Plaintiff's Motion for Reconsideration [Doc. No. 18] of this Courts Order, granting Defendant's Motion for Two Independent Medical Exam [Doc. No. 17]. Defendants have filed a response and Plaintiffs have elected not to file a reply. Accordingly, this matter is ripe for disposition.

## I. Introduction

The relevant procedural history is as follows: this action was filed May 18, 2016 and subsequently removed to this Court on June 15, 2016. [Doc. No. 1]. Plaintiff claims Defendant's negligence caused her physical and psychological damage. [Doc. No. 1 Ex. 1]. On May 31, 2017, Defendant moved for two independent medical examinations and filed a memorandum of law in support of that motion. [Doc. No. 16]. Plaintiff failed to file a response. Accordingly, the Court granted Defendant's motion in its entirety on June 15, 2017. [Doc. No. 17]. On June 20, 2017, Plaintiff moved for the Court to reconsider that Order. [Doc. No. 18].

## II. Discussion

"A district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)); *See also* Fed. R. Civ. P. 54(b).

> [C]ourts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment.

*Sarma v. Wells Fargo & Co.*, No. 1:15-MC-63, 2016 WL 410013, at *3 (M.D.N.C. Feb. 2, 2016) (quoting *McGhee v. United States*, No. 5:09-CT-3192-BO, 2011 WL 2976274, at *1 (E.D.N.C. July 22, 2011) (citing *Fayetteville Investors*, 936 F.2d at 1469)). Plaintiff argues that the fourth and fifth prongs, listed above, are relevant here and weigh in Plaintiff's favor. Pl.'s Br. at 3–5 Therefore, Plaintiff concludes, the Court should reconsider and amend the Order so as to reflect a "compromise" between the two parties' positions. *Id.*

"[M]anifest injustice is an inclusive concept that encompasses, inter alia, the impact of the challenged ruling on [the party seeking reconsideration]." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 421 (4th Cir. 2010) (King, J., dissenting on other grounds) (citing *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Plaintiff argues that the Order, as it stands, would needlessly subject Plaintiff to additional mental and physical stress and strain so as to punish Plaintiff for attempting to work with opposing counsel to reach a compromise. Such an impact would, under the dissenting opinion in *Robinson*, work a manifest injustice. Pl.'s Br. at 3. This argument, however, lacks merit. Defendants point out that the doctors' examinations will be reasonably convenient because both doctors work in the same building and Defendants would provide professional transportation for Plaintiff if so requested. Further, the doctors are testing related, but different things. The first doctor, Dr. Gualtieri, is a medical doctor testing for physical damage,

whereas the second doctor, Dr. Hervey, is a neuropsychologist testing for psychological damage. [Doc. No. 16 at 2–3]. Because of Defendant's willingness to accommodate Plaintiff and because the heart of the dispute falls to Plaintiff's physical and psychological injuries, the Order, as it stands, would not work a manifest injustice.

To establish grounds of mistake or inadvertence, a movant is required to "make some showing of why he was justified in failing to avoid mistake or inadvertence." *Moore v. Bethesda Fire. Dept., Inc.*, No. 90-2906, 1991 WL 126579, at *5 (4th Cir. July 15, 1991). Plaintiff's second argument is entirely based upon the allegation that the parties were discussing a compromise that would satisfy both parties. Pl.'s Br. at 4–5. Plaintiff provided an email conversation between parties' respective counsel as proof of such discussion. [Doc. No. 18 Ex. 1] However, even if the Court was to assume that such discussion constitutes mistake, it does not explain why Plaintiff could not have informed the Court of such discussions, whether through a motion to stay, a formal response to the original motion, or, at the very least, a phone call or email. Such a mistake cannot be excused because the parties may have or may have not been discussing a compromise at the time.

### III. Conclusion

Accordingly, Plaintiff's Motion for Reconsideration of this Court's Order, granting Defendant's Motion for Two Independent Medical Exam, is **DENIED**. The Original Order stands, without amendment.

Signed: July 20, 2017

Graham C. Mullen
United States District Judge